The opinion of the court was delivered by
Manning, C. J.
The relator was arrested for debt, under a writ issued in a civil suit of Smith Bros. & Co. against him, and was imprisoned. His .motion to quash the writ was refused. Thereupon he confessed judgment for the sum demanded, and then prayed an order of release, which being.refused, he applied to us for a writ of habeas corpus.
The sheriff, answering the rule to shew cause, produced the body of the relator and the writ under which he is held. The sole ground, upon *800 which the discharge of the relator is demanded, is that the confession of judgment put ah end to the creditors’ right to the detention of their debtor.
The contrary has been expressly adjudicated in Anderson v. Brinkley, 1 Annual, 126, when the law, touching the right of a creditor to resort, to the writ of arrest, was the samó as it is now.
The act of 1840 abolished the writ of capias ad satisfaciendum, but the Code of Practice still retains the authorization for the writ of arrest, arts.'210 et seq., and the latest revisal of the Statutes embodies provisions for the debtor’s discharge under certain circumstances. ReV. Stats. 1870 secs. 85 et seq. In neither is it provided expressly or by implication that a judgment terminated the operation of the writ, and insures the debtor’s discharge from imprisonment. The longest time he can remain in custody is fixed by the Statute at three months, and he cannot curtail that time by confessing judgment, and by that means alone set aside the writ.
This court, in the case already cited, remarked the difference of the writ of ca. sa. and of arrest, and observed that a proceéding, which was a writ of arrest before judgment, did not become a writ of ca. sa. by the rendition of a judgment. If it were otherwise, the debtor could by his own act metamorphose the legal process of his creditor, and convert it, at his own option, from one that the law sanctions into another that the law has abolished. The process, under which the relator was imprisoned, was in its inception a writ of arrest, which can be set aside and vacated only in the manner, and under the circumstances, by law provided. Confessing a judgment is not one of the ways thus provided.
It is ordered that the rule is discharged at the costs of the relator and he is remanded to the custody of the respondent.